# THE TERRITORY OF HAWAII *v.* M. MURANAKA.

## APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED JANUARY 19, 1909.                    DECIDED JANUARY 25, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

POLICE REGULATION—*county ordinance.*

> A county ordinance making it a misdemeanor to construct or erect any building or structure designed or intended to be used

for a lodging or tenement house within five hundred feet of any public school premises is not an exercise of power granted to boards of supervisors by Act 39 S. L. 1905, Sec. 62, Par. 5, "To regulate by ordinance within the limits of the county all local police, sanitary and other regulations."

OPINION OF THE COURT BY HARTWELL, C. J.

The defendant was charged before the district magistrate of Honolulu with violating upon October 5, 1908, a county ordinance of September 28, 1908, by constructing and erecting within five hundred feet of the premises of the Kaahumanu public school in Honolulu a building designed and intended to be used for a lodging and tenement house, the ordinance reading as follows:

"Section 1. No person shall construct or erect or cause to be constructed or erected in the County of Oahu any building or structure designed or intended to be used for a lodging or tenement house within five hundred feet of any public school premises.

"Section 2. Any person violating this ordinance shall, upon conviction, be fined in a sum not exceeding two hundred ($200.00) dollars.

"Section 3. The continuance of any such violation, after conviction, shall be deemed a new offence for each day on which the same is so continued.

"Section 4. This ordinance shall take effect from and after its publication."

The defendant was found guilty and sentenced to pay a fine of $20 and costs $4.10, from which sentence he appealed upon points of law, claiming that the ordinance (1) is unconstitutional in depriving him of his property without due process of law, denying him equal protection of the law, in discriminating against lodging and tenement house keepers in favor of hotel keepers, and as an unreasonable and arbitrary exercise of police power, and (2) is ultra vires and void not being authorized by the County Act and conflicting with the building laws of the

Territory; (3) that if the ordinance is valid its application to defendant is illegal since he had been granted a permit by the superintendent of public works September 14, 1908, to construct and erect a building for the erection of which he is prosecuted, and at the date of the ordinance had proceeded with its construction and expended thereon in labor and material more than $200.

The contention of the county attorney is that lodging houses in the vicinity of school houses may affect injuriously the morals and manners of the children and their general welfare and therefore reasonably and properly are prohibited within five hundred feet of a school house as a lawful regulation of a business in itself legal. It is enough, he says, that enforcement of the ordinance would tend to protect the morals of such children, conduce to their welfare and comfort and in some degree protect their health; that lodging houses do not belong to the same class as hotels which are not as undesirable.

To the defendant's contention in argument that the mere erection of a building intended to be used as a tenement house has no legitimate connection with its use for that purpose the county attorney submits that the object sought to be attained is preventing the maintenance of tenement houses in that vicinity and that if a structure is aimed to be so used the object sought is best secured by forbidding the erection of the building; that the laws of the Territory which provide for licensing tenement or lodging houses under certain conditions are not complete legislation upon the subject as they do not provide in what locations they may be maintained, which is a matter that can be regulated under the police power of counties; that the ordinance is not inoperative as to the defendant by reason of this structure having been commenced prior to its passage because before he could legally commence to build a permit was required to be secured for building in its present location and until then he had no vested right to build there.

The first question to consider is whether constructing a building within the prescribed area with intent to use it for a lodging or tenement house can lawfully be punished, for unless this can be done discussions of the other questions would be academical. It is true, as claimed by the county attorney, that it is only the maintenance of such houses that may become objectionable and is sought to be prevented, but the building may be used for other purposes entirely unobjectionable and if unoccupied it would be harmless to any one's health or morals; nor does it follow logically that it will be used for the intended purpose.

The cases cited in support of the form of the ordinance usually show a prohibition of keeping or maintaining as well as erecting, as in *St. Louis v. Fischer,* 167 Mo. 654. In *St. Louis v. Russell,* 116 Mo. 251 (the case of a livery stable), a city ordinance was sustained which made it a misdemeanor to commence any building in the city without a permit from the commissioner of public buildings. The decision was not based upon the ground that a livery stable is a nuisance per se but because it "may become so if so kept as to destroy the comfort of owners and occupants of adjacent premises and so as to impair the value of their property." The defense was made that "There is a clear distinction between the erection of the building itself and the use to which that building may be put," but the court held that the legislative power of the city to regulate livery and sale stables included the right to designate where they may be located and prohibit their erection at other places. The County Act, however, does not give such power to boards of supervisors, but merely the power (Sec. 62, Par. 5.) "To regulate by ordinance within the limits of the county all local police, sanitary and other regulations not in conflict with the general laws of the Territory or rules or regulations of the Territorial Board of Health." Therefore, unless erecting the building for the purpose intended can be prohibited upon police or sanitary grounds, the ordinance would be unauthorized.

In *Aldrich v. Howard,* 7 R. I. 87, the erection of a large livery stable next to the plaintiff's dwelling house, hotel and stores was enjoined on the allegations in the bill that the proposed use of the stable would cause irreparable damage to the plaintiff by rendering from its disagreeable and unwholesome effluvia, noise, flies and other nuisances his dwelling house untenantable and break up the custom and diminish the rents of his hotel and stores. It is one thing, however, to enjoin a destructive nuisance before it has accomplished its harm and another to penalize an act, harmless in itself, in consequence of its harmful intention or because it is a preparation to do that which is not prohibited and is not wrongful per se.

In *Chicago v. Stratton,* 162 Ill. 494, a city ordinance provided that it should not be "lawful to locate, build, construct or keep in any block in which two-thirds of the buildings are devoted to exclusive residence purposes a livery, boarding or sale stable, gas house, gas reservoir, paint, oil or varnish works within 200 feet of such residence on either side of the street unless the owners of a majority of the lots in such block fronting or abutting on the street consent in writing." It was held that the express grant of power to direct the location of livery stables made by the legislature to the municipality carried with it all necessary and proper means to make the power effectual and included the power to determine the location of a livery stable and to consult the wishes and ascertain the needs of the residents of the block where the stable is to be kept. It was conceded that the defendants were keeping a livery, boarding and sale stable without the permit, therefore the question did not arise whether merely erecting the building with intent to use it for a stable would be punishable.

If the ordinance had declared that keeping a lodging house within the designated area was an offense then the question whether building it for that purpose could be made a penal offense would be different from that presented under the ordi-

nance in its present form in which the use of the building is not prohibited but merely its erection. This is not an instance of an attempt to commit an offense which may be merged in the offense if committed, or of an "act done towards committing and in part execution of the intent to commit the same." (Sec. 2716 R. L.), for if there were such an offense created by the ordinance it would be "a mere preparation of the means to commit" it, "nothing being done in execution of the intent to commit the same." Sec. 2717 R. L. As using the building for the purpose named is not prohibited, erecting it, if the erection were deemed to be in part execution of the purpose, could not be punished, being in itself harmless and not subject to be prohibited under police or sanitary regulation.

Judgment reversed.

*F. W. Milverton, Deputy County Attorney of Oahu (J. W. Cathcart with him on the brief), for the Territory.*

*E. C. Peters* for defendant.